IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| NATIONWIDE JUDGMENT RECOVERY, INC. AS ASSIGNEE OF MATTHEW E. ORSO, IN HIS CAPACITY AS SUCCESSOR COURT-APPOINTED RECEIVER FOR REX VENTURE GROUP, LLC, D/B/A ZEEKREWARDS.COM FOR RECEIVER KENNETH D. BELL, <br><br>*Plaintiff*, <br><br>v. <br><br>JENNIFER HOSIER, (A MEMBER OF THE DEFENDANT CLASS OF NET WINNERS) IN ZEEKREWARDS.COM; TODD DISNER, ET AL <br><br>*Defendant* | ) ) ) ) ) ) ) ) ) ) ) ) **CIVIL ACTION NO. 1:21-rj-00031** ) ) ) ) ) ) ) |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO QUASH**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, **NATIONWIDE JUDGMENT RECOVERY, INC. AS ASSIGNEE OF MATTHEW E. ORSO, IN HIS CAPACITY AS SUCCESSOR COURT-APPOINTED RECEIVER FOR REX VENTURE GROUP, LLC, D/B/A ZEEKREWARDS.COM FOR RECEIVER KENNETH D. BELL**, ("Plaintiff"), and hereby responds to the Motion to Quash filed by Defendant, Jennifer Hosier ("Defendant" or "Hosier"). In support of this Response, the Plaintiff states as follows:

**FACTS RELEVANT TO THIS RESPONSE**.

1. Plaintiff disagrees with the assertion that Defendant did not receive proper notice of

the garnishment.

2. If the Court would take notice of the Writ of Continuing Garnishment filed in this case the Notice to the Defendant was provided. See Doc# 19.

3. Although Defendant does not appear to be asking this court at this time to render an opinion as to the validity of the judgment, Plaintiff also disagrees with any and all suggestion by Defendant that the underlying judgment itself is not valid or enforceable and further denies that Defendant "was never advised of the potential judgment being entered against her" as she asserts.

## MEMORANDUM OF LAW
### Introduction and Background

ZeekRewards was an enormous Ponzi scheme in which thousands of individuals—including the Defendant Hosier— (the "Net Winners") were enriched at the expense of numerous other victims who lost money in the scheme. The Securities and Exchange Commission, recognizing the harm wreaked by ZeekRewards, appointed a Receiver[1] and tasked him with locating the Net Winners, recovering their ill-gotten gains and returning them amongst the persons who had lost money to the scheme (the "Net Losers").

The Receiver sued a defendant class of Net Winners in 2014. *See Orso v. Disner, et al.*, Case No. 3:14-cv-00091 (the "Net Winner Class Action"), Compl., ECF No. 1 at ¶¶ 5-11 (W.D.N.C. Feb. 28, 2014). The United States District Court for the Western District of North Carolina certified the defendant class of Net Winners (which included Hosier) and ultimately entered a Final Judgment against Hosier (and thousands of other Net Winners) in the amount of Coulter's winnings gained at the expense of the Net Losers of the Ponzi scheme. *See* Net Winner

---

[1] The original receiver was Kenneth Bell, who was succeeded by Matthew Orso when Bell became a judge of the United States District Court for the Western District of North Carolina.

---

**RESPONSE TO DEFENDANT'S MOTION TO QUASH**  Page 2

Class Action, ECF No. 179-2, at p. 2,800 (the "Final Judgment").

In short, this Final Judgment, which Plaintiff Nationwide Judgment Recovery, Inc. ("NJR")[2] seeks to enforce, was entered on the merits after years of litigation to recover illicit gains on behalf of the victims of the ZeekRewards Ponzi scheme. On appeal, the United States Court of Appeals for the Fourth Circuit Court *affirmed* the trial court rulings, *including* its certification of the defendant class which included Hosier. *Bell v. Brockett*, 922 F.3d 502 (4th Cir. 2019).

On October 1, 2021, Plaintiff registered the judgment against Hosier in the United States District Court for the District of Colorado, for enforcement purposes [Docket Entry 1]. On March 23, 2022, Plaintiff filed Applications for Writ of Continuing Garnishment [Docket Entry 19], and on April 4, 2022, those Writs were issued by this Court [Docket Entries 20].

Defendant now seeks to have the writ quashed based on the forms used in obtaining the writ and eludes to a challenge of the enforceability of the judgment based on a lack of notice. Both arguments should fail.

## BRIEF IN SUPPORT

**WRIT OF CONTINUING GARNISHMENT PROVIDED THE PROPER NOTICES TO DEFENDANT**

Defendant, in its Motion to Quash, alleges that the Writ of Garnishment was the improper form. However, the form used by the Plaintiff can be found on the Court's website. The Court can take notice that the Clerk's office would not issue Writs of Garnishment for even the slightest deviation from the Court's form.

To be more specific, the Plaintiff attempted to modify the form to not require a notary on

---

[2] Plaintiff purchased the judgments from the Receiver, who has distributed approximately $337 million obtained in the receivership to victims of ZeekRewards. *See* Net Winner Class Action, ECF No. 374; *S.E.C. v. Rex Ventures Group, LLC*, Case No. 3:12-cv-519, ECF No. 807, at p. 5, n. 5 (W.D.N.C. May 14, 2021) (report from a Receiver cataloging the Receiver's actions up through the first quarter of 2021).

**RESPONSE TO DEFENDANT'S MOTION TO QUASH**                                                                                       Page 3

the Request for the Writ. See Doc No. 8 The Clerk previously in this case rejected the issuance of the writ because a notary stamp did not appear. As such, Plaintiff was only able to get writs issued which complied specifically with this Court's own forms.

In addition, Local Rule 1.2 directs a party to use the Court Approved Forms. That rules goes further to explain that a Judge in this District may approve new forms and list those new forms on the Judge's Practice Standard. No Judge in this District including Senior Judges have made any changes to the Court's Form for Writ of Continuing Garnishment. Therefore, without permission from the Court for relief from using the Court's Approved form, the Plaintiff is only permitted to use the form which was filed in this case.

**DEFENDANT RECEIVED APPROPRIATE NOTICE IN THE UNDERLYING CASE**

Of note, neither "personal service" nor "actual notice" are required in defendant class actions. *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001) ("the standard governing" due process in a defendant class action "is not actual notice to each party intended to be bound by the adjudication of a representative action"). Instead, the court in a defendant class action must ensure that notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, the Western District of North Carolina required the Receiver to effect notice in three separate ways: via email, via mail, and via the receivership website. *See* the Process Order, ECF No. 153, p. 2. The Fourth Circuit affirmed this approach, finding that holding that it "provided a process by which damages could be individually challenged and litigated." *Bell*, 922 F.3d at 514 n.8. It is undisputed in the Net Winner Class Action that the Receiver complied with

the Process Order. *See* Net Winner Class Action, Affidavit of Eamon Mason in Support of Motion to Enter Final Judgments against Net Winner Class Members, ECF No. 166-3, at ¶ 2. By all measures, this was an effort to provide notice that was "reasonably calculated, under all the circumstances," to apprise each class member of the proceedings and provide them an opportunity to present evidence concerning the claims. *Integra*, 262 F.3d at 1110. As the Fourth Circuit recognized, these procedures satisfied Fed. R. Civ. P. 23 and Due Process requirements. *Bell*, 922 F.3d at 511 n.3, 514 n.8.

Additionally, if Hosier wishes to challenge the judgment, she must do so in the rendering court-the Western District of North Carolina. This is because, in the usual case (as here), the issuing court is more familiar with the facts and law then the court in which enforcement is challenged. *Covington Industries, Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980) ("Although Rule 60(b) does not specify the correct forum for presenting a motion [for relief from judgment]…the motion is generally brought in the district court rendering judgment," because, "[i]n the usual case, the court of rendition will be more familiar with the facts than the court of registration and perhaps more conversant with the applicable law"); *U.S. for Use and Benefit of Mosher Steel Co. v. Fluor Corp.*, 436 F.2d 383, 385 (2d Cir. 1970) (affirming the transfer of a 60(b) motion to the issuing court because it "was already familiar with the issues" and to serve the interest of comity among the district courts).

These concerns are even more pressing in this case than they are in most others. Hosier implies an intent to attack the judgment against her issued in the Net Winner Class Action, a multi-year litigation involving thousands of parties, including the SEC. In total, the ZeekRewards litigation, of which the Net Winner Class Action is only one part, has been ongoing for more than seven years. The Net Winner Class Action docket has more than 2,000

entries. Several of the documents relied on in just this brief exceed hundreds, and in one case, thousands of pages. The amount of effort that it would take this Court to thoroughly acquaint itself with just the trial court record—let alone the appellate proceedings—would be substantial. Well-established principles of comity counsel that the Western District of North Carolina - not the District of Colorado - should hear Hosier's challenge as to validity and/or enforceability of the judgment, if she wishes to bring it there.

## PRAYER

WHEREFORE, premises considered, Plaintiff requests that the Court deny the Motion to Quash. Plaintiff would further pray that the Court grant attorneys fee and costs and for all other and further relief in law or in equity to which they may be entitled.

**EMERY LAW, PLLC**

*/s/ Alison N. Emery*

_____
Alison N. Emery, Esquire
Counsel for Nationwide
Judgment Recovery, Inc.
Florida Bar No. 621641
Emery Law, PLLC
5011 Gate Parkway
Building 100, Suite 100
Jacksonville, FL 32256
Telephone: 904-404-5800
E-mail: alison@emerylawjax.com
Secondary e-mail: tpreisick@cnbfin.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2022, I electronically filed and served the foregoing **RESPONSE TO DEFENDANT'S MOTION TO QUASH WRIT OF GARNISHMENT** with the Clerk of the Court using the CM/ECF system with service to the following counsel of record: Daniel James Vedra, Esquire, at dan@vedralaw.com; Robert Clarence Newark, III, Esquire, at robert@newarkfirm.com.

*/s/ Alison Emery*
Alison N. Emery

**RESPONSE TO DEFENDANT'S MOTION TO QUASH**                                                          Page 6