# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Nina Y. Wang

Civil Action No. 21-rj-00031-NYW

KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,

      Plaintiff,

v.

JENNIFER HOSIER,

      Defendant.

---

## ORDER

---

This matter is before the Court on the Motion to Quash Writ of Garnishment (the "Motion" or "Motion to Quash") filed on September 14, 2022 by Defendant Jennifer Hosier ("Defendant" or "Ms. Hosier").[1] [Doc. 22]. Upon review of the Motion, the related briefing, and the applicable case law, the Motion to Quash is respectfully **GRANTED**.

## BACKGROUND

On October 1, 2021, a judgment issued against Ms. Hosier in the United States District Court for the Western District of North Carolina was registered in this District. [Doc. 1 at 1, 4]. On March 23, 2022, Nationwide Judgment Recovery, Inc. ("Nationwide") filed an Application for Writ of Continuing Garnishment seeking to garnish the wages of Ms. Hosier in satisfaction of that

---

[1] Defendant refers to herself as Jennifer Donati in her Motion. *See* [Doc. 22 at 1]. For purposes of clarity, the Court utilizes the name used in the underlying judgment [Doc. 1 at 4] and the Writ of Garnishment [Doc. 21 at 1].

judgment.  [Doc. 19].[2]  The Writ of Continuing Garnishment (the "Writ of Garnishment") was issued by the Clerk of Court on April 4, 2022.  [Doc. 20].

Ms. Hosier's employer, the Children's Hospital of Colorado (the "Garnishee"), answered the Writ of Garnishment on August 5, 2022, indicating that $363.19 from each of Ms. Hosier's paychecks was subject to garnishment and that deductions from her paychecks would begin on August 26, 2022.  [Doc. 21 at 2].  Ms. Hosier now seeks to quash this Writ of Garnishment, arguing that the Writ is void for failure to comply with Colorado law.  [Doc. 22 at 4-5].[3]

## ANALYSIS

"A federal writ of garnishment is generally governed by the law of the state in which the district court sits." *Mellen Inc. v. Biltmore Loan & Jewelry-Scottsdale LLC*, No. CV-16-00648-PHX-DLR, 2017 WL 6888509, at *2 (D. Ariz. Nov. 30, 2017) (citing Fed. R. Civ. P. 69(a)).  Rule 69 of the Federal Rules of Civil Procedure states that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1);[4] *see also Idaho Pac. Lumber Co., Inc. v. Celestial Land Co. Ltd.*, 348 P.3d 950, 953 (Colo. App. 2013) ("Garnishment is a remedy in aid of execution of an existing judgment that is set forth by statute and court rules.").

---

[2] Nationwide represents that it purchased the underlying judgment from the Securities and Exchange Commission's appointed Receiver in the underlying action.  *See* [Doc. 31 at 3 n.2].

[3] Ms. Hosier suggests that she intends to move to set aside the underlying judgment in the Western District of North Carolina.  *See* [Doc. 22 at 3 (emphasis added)].  The Court does not construe the Motion to Quash as seeking to challenge the underlying judgment, as such a request would not be properly before this Court; for this reason, the Court does not address Nationwide's substantive arguments in support of the underlying judgment.  *See* [Doc. 31 at 4-6].

[4] Neither Party suggests that a federal statute governs the appropriate procedures here.  *See* [Doc. 22; Doc. 31].

Ms. Hosier argues that the Writ of Garnishment should be quashed because Nationwide has failed to accord with procedural requirements under Colorado law—namely, Colo. Rev. Stat. § 13-54.5-105.  *See* [Doc. 22 at 4].  This statute was amended in 2019 to include two notice requirements pertinent to this case.  First, the statute provides that a writ of garnishment "must include," *inter alia*, "[a] completed notice that satisfies [Colo. Rev. Stat. § 13-54.5-105(3)] and that may be incorporated into and made a part of the writ of garnishment."  Colo. Rev. Stat. § 13-54.5-105(2)(e) ("subsection (2)(e)").  It further requires "[a] notice of Colorado rules about garnishment that satisfies [Colo. Rev. Stat. § 13-54.5-105(4)] and that is incorporated into and made a part of subsection (2)(e) of this section."  Colo. Rev. Stat. § 13-54.5-105(2)(f) ("subsection (2)(f)").  Stated another way, there are two main notice requirements contained in the statute—the subsection (2)(e) requirement and the subsection (2)(f) requirement.  Colo. Rev. Stat. § 13-54.5-105(2)(e)-(f).

The subsection (2)(e) requirement requires that the debtor be informed about garnishment in Colorado generally.  More specifically, the statute provides that the subsection (2)(e) notice must be "conspicuously labeled" and in "substantially the following form," setting out a form "Notice of Garnishment" that advises the debtor, *inter alia*, how the garnishment process works in Colorado and the debtor's options going forward, including the debtor's right to speak to a lawyer or request a court hearing.  *See* Colo. Rev. Stat. § 13-54.5-105(3).  In addition, subsection (2)(f) requires "notice of Colorado rules about garnishment" which must, *inter alia*, reasonably inform the debtor on the limits on wage garnishment, exemptions from wage garnishment and protections pursuant to Colorado law.  Colo. Rev. Stat. § 13-54.5-105(2)(f), (4).[5]

---

[5] Prior to the statute's 2019 amendment, the statute required the writ of garnishment to "include notice to the judgment debtor of the formula used to calculate the amount of exempt earnings owed to the judgment debtor for a single pay period," "the amount of nonexempt earnings payable to the

Ms. Hosier argues in her Motion that "[t]he writ of continuing garnishment that Nationwide served fails to provide the disclosures required by" this statute. [Doc. 22 at 4]. She elaborates that "[r]ather than provide [Ms. Hosier] with important information regarding her rights to seek a hearing and contest the amount of the garnishment, Nationwide used an outdated form of the writ of garnishment that omits critical changes made by the Colorado General Assembly in 2019." [*Id.* at 4-5]. Because the writ served by Nationwide fails to include the notices required by Colorado statute, Ms. Hosier contends that the writ "does not comply with Colorado law, incorporated by Rule 69, and is void," which requires a Court order quashing the writ. [*Id.* at 5].

Nationwide responds that it used the writ of garnishment form provided on the District of Colorado's website. [Doc. 31 at 3]. Nationwide states that "Local Rule 1.2 directs a party to use the Court Approved Forms," and "without permission from the Court for relief from using the Court's Approved form, [Nationwide] is only permitted to use the form which was filed in this case." [*Id.* at 4]. The Court notes that Local Rule 1.2 states that "[c]ourt approved forms are on the court's website" but does not plainly state that parties are "only permitted" to use the form on the District's website. *See* D.C.COLO.LCivR 1.2.

In any event, the Court is respectfully unpersuaded by Nationwide's argument that its use of the court-approved form obviates its need to comply with Colorado law in the course of garnishing Ms. Hosier's wages. The statute provides that the subsection (2)(e) notice "<u>may be</u> incorporated into and made a part of the writ of garnishment," Colo. Rev. Stat. § 13-54.5-105(2)(e) (emphasis added)," and that the subsection (2)(f) notice must be incorporated into the subsection (2)(e) notice. Colo. Rev. Stat. § 13-54.5-105(2)(f.) In other words, the statute permits, but does

---

judgment creditor for a single pay period," and the judgment debtor's right "to object to such calculation of exempt and nonexempt earnings and his right to a hearing on such objection." Colo. Rev. Stat. § 13-54.5-105 (repealed 2019).

not require, incorporation of the required notices into the writ of garnishment form; Nationwide thus could have served the required notices on the Garnishee *alongside* the District's standard garnishment form. *Cf.* Colo. Rev. Stat. § 13-54.5-107 (requiring the garnishee to "deliver a copy of the writ of garnishment <u>and</u> notices required by section 13-54.5-105 to the judgment debtor," suggesting the two are separate) (emphasis added).[6]   By failing to do so, Nationwide did not comply with the requirements of Colorado procedural law, and thus, did not comply with Rule 69 of the Federal Rules of Civil Procedure.

Courts have quashed writs of garnishment where the judgment creditor failed to comply with state law requirements for garnishments. *See, e.g.*, *Real Good Techs., LLC v. Victory Sols., LLC*, No. 1:17-cv-0149, 2018 WL 1621163, at *2 (N.D. Ohio Apr. 4, 2018); *Fleet Cap. Corp. v. Bill Simon Equip., Inc.*, No. 3:05-cv-176-MJR, 2008 WL 11508959, at *4 (S.D. Ill. Feb. 29, 2008), *report and recommendation adopted*, 2008 WL 11508960 (S.D. Ill. Mar. 20, 2008).   The Court could locate no Colorado authority interpreting the notice requirements of Colo. Rev. Stat. § 13-54.5-105 or the effect thereof on the validity of a writ of garnishment.   Accordingly, this Court must predict how the Colorado Supreme Court would rule. *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1295 (10th Cir. 2017); *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002) ("When the

---

[6] Arguably, the Garnishee in this case failed to comply with Colo. Rev. Stat. § 13-54.5-105(5), which states that "[i]f one of the following grounds applies, the garnishee shall send notice to the judgment creditor stating the applicable ground: . . . (II) The writ of garnishment does not contain all information required by subsection (2) of this section.".   Colo. Rev. Stat. § 13-54.5-105(5)(a)(II).   Thus, instead of submitting the Answer to Writ of Garnishment to the Clerk of Court, [Doc. 21], the Garnishee should have informed Nationwide that the Writ of Garnishment served on it failed to comply with the (2)(e) and (2)(f) requirements. *Id.*   Neither Party addresses this issue, and Nationwide does not argue that Ms. Hosier has challenged the validity of the Writ of Garnishment in a procedurally improper way.   In any event, it is evident from the statute that it is Nationwide's, not the Garnishee's, burden to provide the requisite notices in subsections (2)(e) and (2)(f), given the statute's requirement that the Garnishee inform the judgment creditor if the writ of garnishment fails to comply with 13-54.5-105(2).

federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule."). This Court predicts that Colorado courts would agree that the failure to comply with the statute's notice requirements renders the writ of garnishment void; otherwise, the express requirements of Colo. Rev. Stat. § 13-54.5-105 would hold no weight.

For all of these reasons, the Court concludes that Nationwide failed to comply with Colorado law in its attempted garnishment in this case. For this reason, the Court concludes that the Writ of Garnishment is void. The Motion to Quash is thus **GRANTED**, and Writ of Garnishment issued on April 4, 2022 [Doc. 20] is **QUASHED**. Nationwide is **DIRECTED** to return to Ms. Hosier the money garnished from her paychecks pursuant to the void Writ of Garnishment. *See* 38 C.J.S. Garnishment § 375 (Oct. 2022 update) ("An order quashing or dismissing a garnishment releases the property garnished, discharges the garnishment lien, and entitles the garnishee to possession of the property garnished.") (citations omitted). Should Nationwide seek to renew its garnishment of Ms. Hosier's, it must comply with the requirements set forth in § 13-54.5-105.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1)     Motion to Quash Writ of Garnishment [Doc. 22] is **GRANTED**;

(2)     The Writ of Continuing Garnishment [Doc. 20] is **QUASHED**; and

(3)    On or before **November 30, 2022**, Nationwide **SHALL RETURN** to Ms. Hosier

the funds garnished from her paychecks pursuant to the void Writ of Garnishment.

DATED:  November 9, 2022                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge